IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

WILLIE D. LEE, #204 548     *

    Petitioner,     *

    v.     *     2:08-CV-1017-WKW
                   (WO)

THE ATTORNEY GENERAL OF THE     *
STATE OF ALABAMA, *et al.*,
                                   *

    Respondents.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Willie Lee. Petitioner challenges his conviction, pursuant to his plea of guilty, for first degree rape entered against him by the Circuit Court for Pike County, Alabama, on March 24, 2008. The trial court sentenced Petitioner on April 30, 2008, as a habitual offender, to life imprisonment. (*Doc. No. 11, Exhs. A, B*.)

Petitioner filed a letter with the trial court on May 5, 2008 requesting an appeal. On May 9, 2008 the Alabama Court of Criminal Appeals entered an order granting Petitioner fourteen days to certify the issues which were reserved for appellate review before he entered his guilty plea and/or file a copy of any timely filed motion to withdraw the guilty plea or

motion for new trial. Petitioner filed a request with the trial court on May 9, 2008 requesting an appeal hearing. The trial court construed the letter as a request to set aside Petitioner's guilty plea. The trial court denied the motion on May 12, 2008. On May 12, 2008 trial counsel filed a motion for reconsideration, re-sentence, or new trial. On June 5, 2008 the appellate court dismissed Petitioner's appeal for his failure to comply with its May 9, 2008 order. On July 8, 2008 the trial court denied Petitioner's motion for reconsideration, re-sentence, or new trial. (*Doc. No. 11, Exhs. A, C, D*.)

On July 23, 2008 Petitioner filed a Rule 32 petition with the trial court. He claimed therein that: 1) the United States and Alabama Constitutions required a new trial, a new sentencing proceeding, or other relief because counsel was ineffective; 2) the trial court did not abide by the plea agreement for a thirteen year sentence; and 3) trial counsel was ineffective for not withdrawing Petitioner's guilty plea after the court did not accept the plea agreement. Following a review of the record, the trial court denied Petitioner's post-conviction petition on October 15, 2008 concluding that the claims presented by Petitioner were precluded by Rule 32.2(3) and (5), Ala.R.Crim.P., and furthermore were without merit. Petitioner did not appeal the trial court's decision. (*Doc. No. 11, Exh. A*.)

Petitioner filed the instant application for habeas corpus relief on December 23, 2008. Petitioner presents the following claims for relief:

1. The Constitution requires a new trial and/or new sentence because Petitioner's counsel performed ineffectively;

2. The trial court failed to abide by the terms of Petitioner's plea agreement; and

3. Trial counsel was ineffective where he misled Petitioner into entering a guilty plea; if Petitioner had been properly informed about the consequences of entering a plea, he would have taken his case to trial.

(*Doc. No. 1*.)

On March 24, 2011 Petitioner filed a motion to amend the petition. Therein he claims that his substantive due process rights guaranteed by the Fifth and Fourteenth Amendments were violated when he was tried and convicted while mentally incompetent to stand trial. (*Doc. No. 16*.)

Respondents filed an answer to the original petition in which they contend that the claims presented therein are due to be denied because they are procedurally defaulted as Petitioner failed to present such claims to the state courts in accordance with the state's procedural rules and those claims are not capable of further presentation to the state courts due to state procedural rules. (*See Doc. No. 11*); see *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Lambrix v. Singletary*, 520 U.S. 518, 523 (1997); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001) (2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n.9 (11th Cir. 2000); *Collier v. Jones*, 901 F.2d 770,

773 (11th Cir. 1990). Specifically, Respondents maintain that Petitioner failed to appeal his conviction or appeal the denial of his Rule 32 petition. (*Doc. No. 11*.)

Petitioner took advantage of the opportunity granted to respond to Respondents' answer to his original petition. After reviewing the § 2254 petition, Respondents' answer, and Petitioner's response, the court concludes that no evidentiary hearing is required with regard to the claims presented in the original petition, and that the claims presented in the original petition are due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

With regard to Petitioner's mental competency claim presented in his amended petition, the documents and records before the court clearly reflect that Petitioner has never presented this claim in the state courts. Petitioner requests that the court dismiss such claim without prejudice so that he may first exhaust the claim in state court. (*Doc. No. 16*.)

## II. DISCUSSION

*A. The Original Petition (Doc. No. 1.)*

Respondents assert that Petitioner has procedurally defaulted all the claims presented in his original habeas corpus petition. The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Thus, claims which have never been presented to a state court or claims which were not exhausted properly in the state

4

courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland,* 518 U.S. 152, 161-162 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted). In the instant action, Petitioner's challenges to his conviction is defaulted due to his failure to present his claims in accordance with the state's procedural rules.

This court may reach the merits of Petitioner's procedurally defaulted claims "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]. . . . Second, a

5

federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2678. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*." *Henderson*, 353 F.3d at 892.

> *i. Cause and Prejudice*
>
> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892.

As previously determined, Petitioner is procedurally defaulted on his claims for habeas relief presented in his original petition due to his failure to properly exhaust these claims in the state courts. *Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891. The court afforded Petitioner an opportunity to demonstrate the existence of cause for his failure to raise those claims in the state courts properly and prejudice resulting from this failure. To demonstrate cause sufficient to excuse a procedural default, Petitioner must establish that an objective impediment, not of his own making, denied him the opportunity of presenting his claims properly to the state courts. *See McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). Based on the pleadings, documents, and records filed in this case, the court finds that

6

Petitioner has not established the existence of any "objective factor external to the defense that prevented [him] from raising the claim[s] and which cannot be fairly attributable to his own conduct." *Murray*, 477 U.S. at 488. Petitioner has, therefore, failed to demonstrate cause for his failure to present the claims raised in his original petition to the state courts in compliance with applicable procedural rules. Furthermore, Petitioner has not shown the existence of actual prejudice emanating from infringement of federal law. Nevertheless, this court may still reach the merits of Petitioner's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

  *ii. Fundamental Miscarriage of Justice*

  The miscarriage of justice standard is directly linked to innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Although an actual innocence claim "can itself be defaulted is not to say that the procedural default may not *itself* be excused if the petitioner can satisfy the cause-and-prejudice standard [or fundamental miscarriage of justice exception] with respect to that claim." *Edwards,* 529 U.S. at 453 (emphasis in original). Innocence is not an independent claim; instead, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Schlup*, 513 U.S. at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup v. Delo*, *supra*. "[T]he *Schlup* standard is demanding and permits review only

7

in the 'extraordinary' case." *House v. Bell,* 547 U.S. 518, 538 (2006) (citations omitted). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." *Id*. at 537.

"To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998); *House,* 547 U.S. at 538. In this context, Petitioner must show constitutional error coupled with newly discovered evidence that was not presented at trial that would establish factual innocence rather than mere legal insufficiency. *Bousley*, 523 U.S. at 623-24*; Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001). *See also Schlup,* 513 U.S. at 324.

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*. at 324.

Petitioner does not assert that he has "new" reliable evidence of factual innocence, and there is nothing in the record that suggests a miscarriage of justice will occur if the court does not reach the merits of the claims presented in Petitioner's original petition. Petitioner simply

presents no evidence nor suggests that any exists which could satisfy the difficult standard set forth in *Schlup*. Petitioner's procedurally defaulted claims are, therefore, foreclosed from federal habeas review.

B.  *The Amended Petition (Doc. No. 16.)*

Petitioner presents a claim of substantive mental competency to stand trial in his amended petition filed March 24, 2011. (*Doc. No. 16.*) Petitioner implicitly acknowledges his failure to present this claim previously in the state courts. (*Id.*)

The law clearly directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A).  "***An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented***."  28 U.S.C. § 2254(c) (emphasis added). Petitioner has the right under state law to raise his substantive incompetency claim in a Rule 32 petition and the availability of this remedy counsels against federal review of such claim at this time.[1]  *See Medina v. Singletary,* 59 F.3d 1095, 1111 (11th Cir. 1996) (Petitioner's "substantive competency claim that he was tried while incompetent ... is not subject to procedural default and must be considered on the merits."); *Glass v. State,*

---

[1] Petitioner is advised that he should  present his claim of mental incompetence to plead guilty/stand trial to the state courts in a Rule 32 petition  *and reference all evidence* he believes supports such claim.  Since this claim is not subject to procedural bars, the state court(s) must address the merits of the claim as presented and supported by the evidence.  Petitioner may cite to occurrences before the trial court at the guilty plea proceedings which support this claim without access to the transcript as Petitioner was present at such proceedings.

912 So.2d 285, 288 (Ala.Cr.App.2004) ("To the extent [the petitioner] raises a substantive due-process claim-that he was convicted while mentally incompetent to stand trial-the [state post-conviction] petition is not subject to procedural bars.").

The court, therefore, finds that Petitioner has not yet exhausted all available state court remedies with respect to his claim of mental competency to stand trial presented in the amended petition for habeas corpus relief as required by 28 U.S.C. § 2254(1)(b)(1)(A). This court does not deem it appropriate or necessary to rule on the merits of Petitioner's claim for relief presented in the amended petition without first requiring that he exhaust his state remedies available for presentation of a substantive claim of mental incompetence. 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of the state court collateral proceeding as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust his [substantive incompetency] claim[] first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims presented in the original petition for habeas corpus relief (*Doc. No. 1*) filed by Petitioner Willie Lee be DENIED and DISMISSED with prejudice;

2. The claim presented in Petitioner's amended petition for habeas corpus relief (*Doc. No. 16*) be DISMISSED without prejudice so that Petitioner can pursue the state court

remedy available to him in which he may present a claim of substantive mental incompetence.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 11, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 28th day of March 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE